UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ALFREDO PUENTES,<br><br>                                   Plaintiff,<br>      v.<br>AITOR NARVAZIA, *et al.*,<br>                                  Defendants. | Case No. 3:19-cv-00600-MMD-CSD<br><br>ORDER |

**I.    BACKGROUND**

On August 31, 2020, the Court issued a screening order dismissing Plaintiff's Complaint in its entirety, without prejudice and with leave to amend within 30 days. (ECF No. 7 at 7-8.) Plaintiff filed his First Amended Complaint on September 28, 2020. (ECF No. 9.) On June 21, 2021, the Court issued a screening order and dismissed the First Amended Complaint without prejudice with leave to amend within 30 days. (ECF No. 10 at 9-10.) Plaintiff submitted a Second Amended Complaint on July 19, 2021. (ECF No. 11.)

On October 28, 2021, the Court issued a screening order dismissing Count 1, without prejudice and with leave to amend, to identify the name of the Doe Defendant who made a deliberate decision not to provide Plaintiff with medication. (ECF No. 12 at 8-10.) The Court gave Plaintiff until January 25, 2022, to identify the Doe Defendant and file a Third Amended Complaint. (*Id.* at 10.) The Court informed Plaintiff that one possible method he could use to obtain the identity of the Doe Defendant was Federal Rule of Civil Procedure 45. (*Id.* at 9.) The Court warned that, if Plaintiff did not file a Third Amended Complaint identifying the name of the Doe Defendant in Count 1, the Court would dismiss the action with prejudice and close the case. (*Id.* at 11.) After Plaintiff failed to file a Third

Amended Complaint or otherwise respond, the Court dismissed the case with prejudice and closed the case on February 2, 2022. (ECF No. 14.)

On March 2, 2022, Plaintiff filed a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) or 60(b) and sought to reopen this case. (ECF No. 16.) In the motion, Plaintiff asserts that he relied on various jailhouse lawyers throughout this action. (*Id.* at 4.) However, some of the inmates who helped Plaintiff moved to different housing units. (*Id.*) Prison officials moved Plaintiff and his most recent assistant to different units. (*Id.*) Due to Covid-19, prison officials restricted contact between inmates. (*Id.*) After Plaintiff received this Court's October 28, 2021, order, prison officials quarantined Plaintiff's unit due to an active Covid-19 outbreak and later quarantined Plaintiff's jailhouse assistant's unit. (*Id.*) As a result, Plaintiff could not consult with his assistant or exchange papers. (*Id.*) Plaintiff believes that Covid-19 is a highly unusual circumstance that satisfies Rule 60(b). (*Id.* at 5.)

**II.    DISCUSSION**

Plaintiff in essence is asking this Court to set aside its judgment dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 395.

///

### A.     Prejudice to the Defendant

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

This factor weighs in favor of setting aside judgment because Plaintiff has not identified a defendant in this case. As such, the Court cannot assess any potential prejudice to this unidentified defendant.

### B.     Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *See Pioneer*, 507 U.S. at 395.

The Court finds that this factor weighs against setting aside judgment. The Court started screening Plaintiff's pleadings in August 2020 and has screened three of Plaintiff's complaints. Additionally, the last two screening orders warned Plaintiff that he could not proceed solely against a Doe Defendant and told Plaintiff that he needed to amend to identify the name of the Doe Defendant in Count 1. (*See* ECF No. 10 at 8; ECF No. 12 at 8-9.) Since June 2021, Plaintiff knew that his Doe Defendant was an issue. In October 2021, Plaintiff appears to have ignored the Court when it granted specific leave for Plaintiff to discover the name of the Doe Defendant and file a Third Amended Complaint.

### C.     Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and

carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

The Court finds that Plaintiff has not demonstrated excusable neglect. Although Plaintiff's unit and his inmate helper's unit may have been quarantined for Covid that does not explain the non-responsiveness for over 90 days. Plaintiff did not request an extension of time or keep this Court notified of why he might need an extension. Instead, Plaintiff filed a motion for reconsideration after the Court dismissed the case. In other words, it appears that Plaintiff may have forgotten about his case until he received a dismissal order. "Litigation is not a light switch that a party can turn off and on at his convenience." *Turner v. Nevada Dep't of Corr.*, Case No. 2:13-cv-01740-JAD-VCF, 2016 WL 4203818, at *4 (D. Nev. Aug. 8, 2016), *aff'd sub nom. Turner v. High Desert State Prison*, 695 F. App'x 336 (9th Cir. 2017).

### D. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's order and meet its deadline. While the Court cannot say he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadline. As explained above, Plaintiff ignored the Court's order granting him 90 days to discover the identity of the Doe Defendant and to file a Third Amended Complaint. Additionally, Plaintiff seems to suggest that he did nothing with this case for 90 days and did not even attempt to discover the identity of the Doe Defendant.

After considering all four of the *Pioneer* factors, the Court finds that the factors weigh against setting aside judgment. The Court denies the motion for reconsideration (ECF No. 16) but grants some relief, as discussed below.

### E. Rule 60(b)(6)

Although the *Pioneer* factors weigh against setting aside judgment, the Court finds that some relief is warranted under Federal Rule of Civil Procedure 60(b)(6). The rule provides that the court may relieve a party or its legal representative from a final judgment,

order, or proceeding for any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(6). When deciding whether to dismiss an action for a plaintiff's failure to prosecute, the Ninth Circuit has directed the courts to weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). In weighing these factors, the Court continues to find that dismissal of Plaintiff's case is warranted. However, the Court finds that the less drastic sanction of a without-prejudice dismissal is more appropriate considering Plaintiff's recent disclosures.

### III.   CONCLUSION

It is therefore ordered that the motion for reconsideration (ECF No. 16) is denied in part and granted in part.

It is further ordered that the portion of the order dismissing Plaintiff's case with prejudice (ECF No. 14 at 3, lines 5-6) is struck and revised to dismiss Plaintiff's case without prejudice. The Clerk of the Court is directed to amend the judgment (ECF No. 15) to reflect a dismissal without prejudice.

It is further ordered that this case is dismissed without prejudice to Plaintiff's right to reassert his claims in another case because this case is closed. If Plaintiff wishes to pursue his claims, he must file a new lawsuit. No further motions will be considered in this closed case.

DATED THIS 5th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE